UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE JAGGON,<br>　　Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:18-CV-0458 (JCH) |
| v. | : <br> : | |
| COMMUNITY HEALTH SERVICES INC.,<br>　　Defendant | : <br> : <br> : | NOVEMBER 28, 2018 |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 21)**

**I.　INTRODUCTION**

The plaintiff, Lawrence Jaggon ("Jaggon"), filed a Complaint against defendant, Community Health Services ("CHS"), seeking damages and equitable relief pursuant to Title VII of the Civil Rights Act of 1964, section 2000e-2 of title 42 of the United States Code, and the common law of Connecticut.  See Am. Compl. (Doc. No. 18) ¶ 1.  CHS filed a Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 21).  CHS seeks dismissal of Counts Three, Four, and Five of the Complaint.  For the reasons stated below, the Motion to Dismiss is granted in part.

**II.　STANDARD OF REVIEW**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id. However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor. See Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

If, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, extrinsic evidence that is attached to the pleadings or incorporated by reference may be considered on a motion to dismiss, as well as matters of which judicial notice may be taken. See New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017).

## III. FACTS[1]

Jaggon is a Registered Nurse ("RN"), with 18 years of experience. Am. Compl. ¶ 4. At the time the Complaint was filed, Jaggon, a Jamaican national, was 53. Id. Defendant CHS is a corporation incorporated pursuant to the laws of the State of Connecticut. Id. ¶ 7. Jaggon worked at CHS before being terminated on October 21, 2016. Id. ¶ 6. He does not allege how long he was employed by CHS.

---

[1] The facts are taken from the Complaint. Because many of the facts alleged in the Complaint relate to Jaggon's claim under Title VII (Count One), which is not at issue, or are otherwise irrelevant to the causes of action for which CHS seeks dismissal, the court briefly summarizes the facts. The court notes that Jaggon has withdrawn Count Two. See Am. Compl. at 18.

Jaggon alleges that CHS and its agents created a hostile work environment, punished him for reporting violations of policy and law, subjected him to disparate treatment based on his race, and wrongfully terminated his employment. See Am. Compl. ¶¶ 10–17, 25–35; 50–57, 72–75; 79–84, 86–88, 90–93, 104–06, 113–20. Jaggon further alleges that agents of CHS "published slanderous information" about Jaggon, specifically by stating that Jaggon was "a problem employee and that his coworkers should not associate with him." Id. ¶ 138. Jaggon alleges that the CEO of CHS, Greg Stanton ("Stanton") published slanderous information by stating that Jaggon's coworkers should "stay away from him." Id. ¶ 139. Jaggon also alleges that CHS engaged in "ongoing and outrageous conduct," causing Jaggon to suffer sleeplessness and anxiety. Id. ¶¶ 148–50.

## IV.  DISCUSSION

CHS seeks dismissal of Counts Three, Four, and Five. See Mot. to Dismiss at 1. CHS argues that Count Three must be dismissed because Jaggon failed to allege facts sufficient to support a claim for defamation. Id. CHS argues Count Four must be dismissed because it fails to allege unreasonable conduct in the termination process. Id. CHS argues that Count Five should be dismissed because it does not state a claim of negligent infliction of emotional distress against CHS. Id. The court addresses each argument in turn.

### A.  Count Three: Defamation

In Count Three, Jaggon alleges that CHS is liable for defamation, because its agents published "slanderous information" about Jaggon, specifically that he was "a

problem employee and that his coworkers should not associate with him." Am. Compl. ¶ 138. Jaggon also alleges that, in one instance, Stanton stated that "coworker[s] of the Plaintiff should stay away from him." Id. ¶ 139. CHS argues that Count Three should be dismissed because the alleged defamatory statements are expressions of opinion, not statements of fact. Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem. in Supp") (Doc. No. 21-1) at 3. Jaggon responds that the Complaint alleges sufficient facts to plausibly support a claim of defamation. See Jaggon Opposition to Motion to Dismiss ("Jaggon Opp.") (Doc. No. 34) at 4.

To establish a prima facie case of defamation in Connecticut, the plaintiff must demonstrate that: "(1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." Cweklinsky v. Mobil Chem. Co., 267 Conn. 210, 217 (2004).

As CHS argues, the Connecticut Supreme Court has established a distinction between statements of fact and assertions of opinion. "A statement can be defined as factual if it relates to an event or state of affairs that existed in the past or present and is capable of being known. . . . An opinion, on the other hand, is a personal comment about another's conduct, qualifications or character that has some basis in fact." Goodrich v. Waterbury Republican-Am., Inc., 188 Conn. 107, 111 (1982) (emphasis in original). Expressions of opinion are generally not actionable, defamatory statements

4

under Connecticut law.  See Held v. Silver, No. 3:10-CV-00992 CSH, 2013 WL 5658255, at *9 (D. Conn. Oct. 16, 2013) (collecting cases).

However, the Connecticut Supreme Court, albeit in the context of discussing the common law defense of fair comment, has recognized that assertions of opinion can be the basis of a defamation claim if the facts upon which the opinion was based were not stated or generally known. Goodrich, 188 Conn. at 118.  "The reason for this distinction is as follows: an opinion must be based upon facts; if the facts are neither known nor stated, then a defamatory opinion implies that there are undisclosed defamatory facts which justify the opinion." Id.

Where a statement appears to be based upon undisclosed facts, it is best described as an expression of "mixed opinion." See id. at 118–19 (citing Restatement (Second) of Torts § 566 (1977) ("The second kind of expression of opinion, or the mixed type, is one which, while an opinion in form or context, is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication.").

Thus, the context in which the publication was made is an important factor in drawing the line between fact and opinion.  "The court's task is to determine whether the words complained of, considered in the context of the entire communication and of the circumstances in which they were spoken or written, may be reasonably understood as implying the assertion of undisclosed facts justifying the opinion." Held, 2013 WL 5658255 at *9.

5

The descriptions of the allegedly defamatory statements in the Amended Complaint do not detail the context or circumstance in which the statements were made. However, taking the allegations in the Complaint as true, and drawing inferences in Jaggon's favor, see Graziano, 689 F.3d at 114, the court concludes that the statements by agents of CHS that Jaggon was a problem employee could plausibly be understood as referencing unstated facts that were not generally known. A listener could plausibly understand that unstated facts as to Jaggon's character or conduct underlay his label as a "problem employee." Because the allegations plausibly allege that the statements by CHS' agents were mixed statements of opinion, they are sufficient to raise a claim of defamation under Connecticut law.

For the same reasons, the court concludes that Stanton's alleged statement that Jaggon's coworkers "should stay away from him" was an actionable statement of mixed opinion. Taking the allegations in the Amended Complaint as true, and drawing inferences in favor of Jaggon, the court concludes that a listener could plausibly infer that Stanton's opinion—that Jaggon was the type of person from whom his coworkers should stay clear—was based upon unstated facts. As such, the court concludes, at least at this pleading stage, that the statement as alleged in the Amended Complaint is plausibly actionable under Connecticut law.[2] The Motion to Dismiss Count Three is denied.

---

[2] Whether, after discovery, the record and circumstances suggest otherwise, it would be left to the jury to decide. See Goodrich, 188 Conn. at 112 n.5 ("Where the court cannot reasonably characterize the allegedly libelous words as either fact or opinion . . . this becomes an issue of fact for the jury, which would preclude a directed verdict.").

B.     Count Four: Negligent Infliction of Emotional Distress

In Count Four, Jaggon alleges that CHS is liable for negligent infliction of emotional distress. Jaggon alleges that CHS engaged in "ongoing and outrageous conduct" against Jaggon. Am. Compl. ¶ 148. Jaggon alleges that the outrageous nature of the conduct stems, at least in part, from the fact that similarly situated employees were "not exposed to the same or similar treatment." Id. ¶ 149.

CHS argues that Jaggon fails to state a claim for which relief may be granted because under Connecticut law, "a claim of negligent infliction of emotional distress in the employment context only arises if there is unreasonable conduct in the termination process." Def.'s Mem. in Supp. at 4. CHS argues that Jaggon's Amended Complaint contains "no allegation" that CHS acted unreasonably in the termination process. Id. at 5. The court agrees. Connecticut case law on this point is clear. "[N]egligent infliction of emotional distress in the employment context arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.'" Perodeau v. City of Hartford, 259 Conn. 729, 750, (2002) (citing Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997)). Moreover, "[t]he mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." Id.

Jaggon has not alleged any unreasonable conduct on the part of CHS in the termination process. Indeed, his only allegations regarding termination are conclusory. See Am. Compl. ¶¶ 148–49. Therefore, the Motion to Dismiss Count Four is granted.

7

C.  Count Five: Negligent Infliction of Emotional Distress

CHS seeks dismissal of Count Five, which appeared in Jaggon's Amended Complaint after the certification page. As CHS argues, see Def.'s Mem. in Supp. at 5, Count Five makes no claim against CHS. Moreover, Count Five names a plaintiff not party to this suit. See Am. Compl. at 28. CHS argues that Count Five appears to have been included in error. See Def.'s Mem. in Supp. at 5. Jaggon has not replied to CHS' argument. See generally Jaggon Opp. Absent objection, and because it appears that the Count was included in error, Count Five is dismissed.

**V.  CONCLUSION**

For the foregoing reasons, the defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED IN PART**. The Motion to Dismiss is **DENIED** as to Count Three and **GRANTED** as to Counts Four and Five.

**SO ORDERED.**

Dated this 28th day of November 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge